# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4677 | **DATE** | 11/25/2003 |
| **CASE TITLE** | US vs. Cordell James (95 CR 730-25) | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We deny Cordell James's petition for relief under 28 U.S.C. § 2255.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 25 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 10 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **DOCKETED** |
| Plaintiff, | ) | NOV 2 5 2003 |
| vs. | ) | 03 C 4677 |
| | ) | 95 CR 730-25) |
| CORDELL JAMES, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the petition of Cordell James to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the petition is denied.

James's petition gives six grounds that he claims entitle him to relief under 28 U.S.C. § 2255. Ground one claims that James was deprived of his Sixth Amendment right to counsel by virtue of this court's decision not to appoint him new counsel after he expressed discontent with the representation of his appointed attorney and his ensuing decision to proceed pro se. Ground two claims that his appointed counsel was ineffective for failing to conduct any pretrial investigation or to prepare for trial. Ground three states that his standby counsel was ineffective in failing to advise him to

10

submit to the jury the issue of the amount of drugs attributable to him. Ground four contends that the inclusion of James's involvement in the murder of Robert Franklin violated his due process rights under the rationale advanced in Apprendi v. New Jersey, 120 S. Ct. 2348, 2362-63 (2000). Ground five argues that 18 U.S.C. § 841 is unconstitutional because its language treats quantity of drugs as a sentencing factor rather than an element of the offense, again in violation of the rule in Apprendi. Finally, ground six focuses on alleged impropriety of including an uncharged murder in sentencing considerations, with the attendant lower burden of proof, as well as a claim for ineffective assistance of counsel in failing to investigate, prepare, or call unidentified witnesses to refute the government's evidence surrounding the murder.

Relief under 28 U.S.C. § 2255 is limited to situations where a conviction or sentence is founded in "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Bischel v. United States, 32 F.3d 259, 263 (7th Cir. 1994). However, § 2255 motions are not intended to recapitulate issues addressed on direct appeal; decisions of the appellate court are binding as the law of the case. Daniels v. United States, 26 F.3d 706, 711 (7th Cir. 1994). Absent changed circumstances of fact or law, a court can decline to reconsider an issue already decided on direct appeal. Olmstead v. United States, 55 F.3d 316, 319 (7th Cir. 1995). If an issue could have been presented

on direct appeal but was not, it is subject to procedural default. Galbraith v. United States, 313 F.3d 1001, 1006 (7th Cir. 2002). Procedurally defaulted claims can still be considered if the petitioner can show cause for the failure to raise them on appeal and actual prejudice resulting from the initial error. Id.

Grounds one, four, five, and six are virtually identical to claims presented and decided on direct appeal. U.S. v. Hill, 252 F.3d 919, 922-29 (7th Cir. 2001).[1] James attempts to skirt his earlier defeats by casting the allegations in different terms so as to make them appear as if they were independent claims for relief. At bottom, they are founded in the same claims rejected by the court of appeals. As such, we shall not revisit their legitimacy. Daniels, 26 F.3d at 711; Olmstead, 55 F.3d at 316. Moreover, even if we were to decide that they were distinct, James's failure to raise these nuances on direct appeal constitutes procedural default, and he has shown neither cause for his failure to do so nor prejudice arising from the alleged errors sufficient for us to review them despite the default.

Grounds two and three revolve around alleged deficiencies in the assistance provided by John Meyer, James's appointed counsel during the pretrial stage and later

---

[1] Although the opinion did not discuss at length the arguments James reiterates in grounds four and six, these arguments were advanced in James's submissions to the Court of Appeals. The court considered these arguments and found them unworthy of extended comment. Hill, 252 F.3d at 929.

stand-by counsel after his decision to proceed pro se. Although these grounds are intimately related to other claims James made on direct appeal, he did not couch them before the appellate court as ineffective assistance. Giving his pro se petition the requisite liberal reading, we conclude that his claims are different from those brought in his appeal. Moreover, because he is alleging ineffective assistance of counsel, these arguments are not procedurally defaulted even though he did not raise them before the Seventh Circuit. Massaro v. United States, 123 S. Ct. 1690, 1696 (2003). We therefore turn to the merits of these two grounds.

Ground two avers that Mr. Meyer was ineffective during the pretrial stages of the case because he did not act in James's best interest, he did not visit James and discuss the case, and there was a conflict between the parties into which this court should have inquired. The first allegation is entirely too vague to allow James to overcome the strong presumption that Mr. Meyer's performance was reasonable. United States v. Trevino, 60 F.3d 333, 338 (7th Cir. 1995). To support such a claim, a defendant must refer to specific acts or omissions of counsel, not an amorphous statement that counsel did not act in his best interest.[2] Id. Neither James's petition nor

---

[2] James's broad statement of ground two, which stated that counsel failed to prepare for trial or to conduct a pretrial investigation of the facts of the case, suffers from the same infirmity. See United States v. Zillges, 978 F.2d 369, 373 (7th Cir. 1992).

his supporting memorandum elaborates on how Mr. Meyer compromised James's best interests. The second component of ground two is unsupported by the record; James admitted that Mr. Meyer had visited him during his pretrial incarceration on at least five separate occasions. See Hill, 252 F.3d at 926. The third misstates the law. Contrary to James's view, his disagreement with Mr. Meyer on his available options, focused largely on James's feelings about pleading guilty and cooperating with the government, does not constitute a conflict of the type that would render Mr. Meyer's assistance ineffective for Sixth Amendment purposes. See Morris v. Slappy, 103 S. Ct 1610, 1617 (1983); United States v. Goad, 44 F.3d 580, 587 (7th Cir. 1995). His contention that we should have inquired further into the source of his dissatisfaction is wholly without merit. The Court of Appeals has already thoroughly addressed the particulars of the colloquy that took place between James and this court, and we see no need to replay that discussion. Hill, 252 F.3d at 925-27.

James also brings up the possibility that he could have retained private counsel, apparently arguing that had he been allowed to do so, that attorney would have done a better job of assisting him than Mr. Meyer did. Given the facts of this case, that contention is doubtful at best. Furthermore, even assuming that another attorney could have outdone Mr. Meyer's performance, that does not make out a Sixth Amendment violation. The amendment provides that a defendant must be provided not with the

counsel of his or her choice, but with competent counsel. See, e.g., United States v. Oreye, 263 F.3d 669, 671 (7th Cir. 2001). All indications are that James received nothing less.

Ground three asserts that Mr. Meyer, as stand-by counsel at trial, did not advise James that he should request that the issue of the quantity of drugs attributable to him should be submitted to the jury as dictated by Apprendi. This argument fails at the outset. James cannot show that his stand-by counsel's professional conduct fell below an objective standard of reasonableness on this issue. On the contrary, under the state of the law at the time of James's trial in 1999, Apprendi had not yet been decided; the amount of drugs was determined by the judge, not the jury. There is nothing unreasonable about following the law in force at the time of trial, even where, as here, that law is later changed. Mr. Meyer cannot be ineffective for "failing" to advise James of the effect of a holding that did not yet exist.

## CONCLUSION

Based on the foregoing analysis, we deny Cordell James's petition for relief under 28 U.S.C. § 2255.

_Charles P. Kocoras_
Charles P. Kocoras
Chief Judge
United States District Court

Dated: NOV 2 5 2003