# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4677 | **DATE** | 2/25/2004 |
| **CASE TITLE** | United States of America vs. Cordell James | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** James's motion (Doc 13-1) for a certificate of appealability is denied. We decline to issue a certification of appealability on any of the issues presented in James's application.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | 2/26/04 date docketed | |
| | Notified counsel by telephone. | | 14 |
| ✓ | Docketing to mail notices. | GT docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CORDELL JAMES, | ) | DOCKETED |
| | ) | FEB 2 6 2004 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 03 C 4677 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the application of petitioner Cordell James for a certificate of appealability for our opinion and order of November 25, 2003, which denied his petition to vacate, set aside, or reduce his sentence pursuant to 28 U.S.C. § 2255. James has filed a notice of appeal, but appellate proceedings cannot commence without a certificate of appealability either from this court or a circuit judge of the Court of Appeals. 28 U.S.C. § 2253(c); see also Fed. R. App. Proc. 22(b).

A court should issue a certificate of appealability in a case before the court under 28 U.S.C. § 2255 "if the [defendant] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). Such a showing is made if "reasonable jurists could debate whether the challenges in his habeas petition should have been resolved differently or that his petition adequately shows a sufficient chance of the

denial of a constitutional right that he deserves encouragement to proceed further." Rutledge v. United States, 230 F.3d 1041, 1047 (7th Cir. 2000).

James seeks a certificate of appealability on a bevy of issues: 1) whether his pretrial counsel rendered ineffective assistance by failing to conduct an adequate pretrial investigation and otherwise prepare for trial; 2) whether we erred in failing to appoint new counsel to James to represent him at a hearing to determine why he was unsatisfied with his previously appointed attorney; 3) whether his standby counsel represented him while operating under an impermissible conflict of interest; 4) whether standby counsel rendered ineffective assistance by not informing James that he should request that the jury consider the amount and type of drugs attributed to him; 5) whether 21 U.S.C. § 841 was unconstitutional as applied to his case because it required that the quantity of drugs be treated as a sentencing consideration rather than as an element of the offense;[1] 6) whether we deprived James of due process of law by considering an uncharged murder as relevant conduct for sentencing purposes under a preponderance of the evidence standard; 7) whether we failed to provide him with an opportunity to respond to a procedural default; 8) whether we misconstrued the facts James presented in his original petition; 9) whether we erred in not assigning the case

---

[1] This revision of James's prior argument suffers from an immediate infirmity—it is legally inaccurate. Drug quantity is not an element of a § 841 offense. See, e.g., United States v. Smith, 308 F.3d 726, 740 (7th Cir. 2002).

to a magistrate in light of James's contention that this court has a personal bias against him; and finally, 10) whether the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") is unconstitutional in its application to his case because it does not contain a provision that counsel be assigned at a "critical stage of the proceeding."

Grounds one through six are merely repetitions, though cast slightly differently, of the grounds put forth in James's original petition. For the same reasons that we originally concluded that none represented a meritorious claim of arguable constitutional deprivation, we cannot agree that these claims satisfy either of the conditions set forth in Rutledge. Rather, his application appears to seek only to put the questions raised in his petition before another court in hopes of achieving another result. Because he has not indicated even an arguable premise why a differing result would obtain, these regurgitations are insufficient to warrant certification to the appellate court.

The remaining grounds are not questions of constitutional law—the only sort that can underpin a certificate of appealability. Ground seven does not identify the particular procedural default to which James refers. However, even if it did, there is no requirement that this court allow James to respond to the flaws identified in his petition by our ruling. Petitioners have the opportunity to present the totality of their positions prior to ruling, as James was permitted to do via his initial memorandum and his reply memorandum. When a ruling is given, it is a court's final decision on a

matter, not a critique or mere academic feedback that can be incorporated into later revisions of a party's arguments. See Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988) ("this Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure"). Thus, this court was and is under no obligation to allow James to "correct" the deficiencies identified in his § 2255 petition, let alone a constitutional obligation.

The allegation that we misconstrued the facts presented in James's petition is of no moment. First, this court's understanding of the pertinent facts comes from our involvement with this case from its inception through trial and sentencing, as well as familiarity with the proceedings on direct appeal. Even if James presented the facts contained in his petition opaquely, that did not prevent us from basing our decision on an accurate factual foundation. In any event, this is not an issue that implicates James's constitutional protections during trial or sentencing.

James's contention that his petition should have been reassigned to a magistrate in light of his perception of a personal bias against him reflected in the previous rulings of this court also goes nowhere. "Rulings and findings made by a judge in the course of a judicial proceedings are not in themselves sufficient reasons to believe that the judge has a personal bias or prejudice for or against a party." U.S. v. Amick, 439 F.2d 351, 369 (7th Cir. 1971); see also Brokaw v. Mercer County, 235 F.3d 1000, 1025 (7th

Cir. 2000). Thus, even if this issue presented a constitutional question, James's contention is without merit to be considered on appeal.

Finally, we turn to James's statement that AEDPA is unconstitutional for failing to provide a requirement that counsel be assigned at a "critical stage of the proceeding." Even if this argument were constitutionally rooted, it would be unavailing. Presumably, the stage to which he refers is the hearing mentioned in Ground 2. However, the source of constitutional protection of the right to counsel at any stage of the proceeding comes from the Sixth Amendment. The contention that AEDPA is constitutionally deficient for failing to include what would be a wholly redundant protection of the right to counsel is nonsense. Moreover, as stated in our prior opinion, the Seventh Circuit expressly considered whether James's Sixth Amendment right to counsel was compromised in this situation and concluded that it was not. Thus, even if there were a duplicate statutory protection within AEDPA, the conduct that did not violate the Sixth Amendment would be sound under the statute as well.

Accordingly, we decline to issue a certificate of appealability on any of the issues presented in James's application.

*[signature]*

Charles P. Kocoras
Chief Judge
United States District Court

Dated: FEB 2 5 2004

-5-